**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4882

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HAKIM NASIF TRENT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Walter D. Kelley, Jr., District Judge.  (CR-04-141)

Submitted:  March 21, 2007          Decided:  March 28, 2007

Before WILKINS, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Andrew M. Robbins, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hakim Nasif Trent appeals his sentence for being a felon in possession of a firearm and ammunition. See 18 U.S.C.A. § 922(g)(1) (West 2000). We vacate and remand.

I.

On October 15, 2004, Officer William Graham of the Newport News (Virginia) Police Department pulled over a purple Ford Escort driven by Trent. Officer Graham had been advised to watch for such a vehicle because Trent was wanted in Portsmouth for charges including attempted capital murder of a police officer four days earlier. After removing Trent from the vehicle, Officer Graham recovered a fully loaded .38 caliber revolver from Trent's pants, seven .38 caliber bullets from Trent's right-side watch pocket, and a box of Remmington .38 caliber ammunition from under Trent's seat.

As a result, a federal grand jury charged Trent in an indictment with being a felon in possession of a firearm and ammunition. Trent pleaded guilty to the indictment.

In Trent's presentence report, the probation officer recommended increasing Trent's offense level based on his attempted murder of the police officer four days before Trent's arrest. Trent objected, however, arguing that consideration of that conduct would not be proper unless Trent admitted it or it was proven beyond a reasonable doubt. Although the Government argued that

2

proof of the conduct by a preponderance of the evidence was all that was required, the district court adopted Trent's position. When the Virginia state court trial on the attempted capital murder charge resulted in a hung jury, the Government submitted that the district court should sentence Trent without considering the alleged conduct, and the district court did so.

The district court determined that Trent's total offense level was 17, which, with his Criminal History Category of III, yielded a guideline range of 30 to 37 months imprisonment. The district court, however, determined that that range failed to adequately address the sentencing purposes of promoting respect for the law, deterring criminal conduct, and protecting the public from the defendant's future crimes. See 18 U.S.C.A. § 3553(a)(2) (West 2000). In this regard, the court noted that Trent had been involved in serious violent crime, was arrested for the crime of conviction only eight months after being released from incarceration, and had "pictures of guns tattooed on each forearm." J.A. 62. On this basis, the district court sentenced Trent to 108 months imprisonment.

After his federal sentencing, Trent pleaded guilty in Virginia state court to the attempted capital murder. He was sentenced to 30 years imprisonment with 14 years suspended conditioned on 14 years of supervised probation after his release. The first 108

3

months of his active state service was ordered to run concurrently with his federal sentence.

## II.

At the time Trent was sentenced, <u>United States v. Booker</u>, 543 U.S. 220 (2005), had only recently rendered the federal sentencing guidelines advisory, and much uncertainty existed as to how the new, advisory scheme should be applied. Since that time, we have resolved many significant issues, including the standard of proof district courts should employ in finding facts affecting the applicable guideline range, <u>see</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005), and the process courts should utilize in determining how to incorporate the advisory guideline range into an analysis of the appropriate sentence to impose, <u>see, e.g.</u>, <u>United States v. Moreland</u>, 437 F.3d 424, 432-33 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 1054 (2006). In order to provide the district court with the benefit of these and other recent decisions, we vacate Trent's sentence and remand for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4